IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DAVID C. LETTIERI,**

                     **Plaintiff,**

       v.                                     **CASE NO. 24-3064-JWL**

**HOSTESS BRANDS LLC,**

                     **Defendant.**

**MEMORANDUM AND ORDER
TO SHOW CAUSE**

Plaintiff David C. Lettieri is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies. Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

**I. Nature of the Matter before the Court**

Plaintiff brings this pro se action under 28 U.S.C. § 1332. Plaintiff is in custody at the Niagra County Jail in Lockport, New York. Plaintiff has requested leave to proceed in forma pauperis. (Doc. 2.)

The Complaint (Doc. 1) is on a form titled "Complaint for a Civil Case Alleging Negligence" and asserts diversity jurisdiction. Plaintiff describes his claim as follows: "Enriched food ingredients don't have the grams or percentage." (Doc. 1, at 4.) He claims he suffered unspecified injuries from an "improper health diet." *Id.*

Plaintiff names Hostess Brands LLC as the defendant. He seeks relief in the form of $75,000 in damages. *Id*.

## II. Statutory Screening of Complaints filed In Forma Pauperis

When a litigant such as Plaintiff seeks to file suit "without prepayment of fees," his suit is governed by the requirements of 28 U.S.C. § 1915. Section 1915(e)(2) requires the Court to "dismiss the case at any time if the court determines that the action ... is frivolous or malicious [or] fails to state a claim on which relief may be granted." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (quoting 28 U.S.C. § 1915(e)(2)).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did

it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

The Complaint is subject to dismissal for failure to state a claim upon which relief can be granted.  A plaintiff's complaint must contain "a short and plain statement of the claim showing that [he or she] is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Here, the Complaint utterly fails to comply with the rule.  The sum total of the "factual" allegations is that  "[e]nriched food ingredients don't have the grams or percentage" and that Plaintiff claims to have suffered

unspecified injuries from an "improper health diet." (Doc. 1, at 4.)  These allegations do not provide plausible support for any legal claim for relief. *Kay*, 500 F.3d at 1218

The Complaint also fails to adequately explain "what specific legal right the plaintiff believes the defendant violated." *Nasious*, 492 F.3d at 1163.  While the title of the form refers to negligence, Plaintiff also lists what could be a series of statutes: "New York State Agrtm 215-a[,] Title 7 U.S.C.S. 3407-3417[,] violation of Title 21343(D), Title 21 B43(Q)(E), Duty Care, New York State Business Law 350, New York State Business Law 344."  As explained above, even though Plaintiff is proceeding pro se, the Court "will not . . . construct a legal theory on a plaintiff's behalf." *Whitney*, 113 F.3d at 1173-74.  Moreover, doing so would be impossible in this case given the sparse and unclear factual allegations.

## IV. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.  Plaintiff is also given the opportunity to file a complete and proper amended complaint that cures the deficiencies discussed herein.

To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint.  *See* Fed. R. Civ. P. 15.  An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it.  Therefore, any claims or allegations not included in the amended complaint are no longer before the Court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.  Plaintiff must write the number of this case (24-3064-JWL) at the top of the first page of his amended complaint, and he must name every defendant in the caption of the amended complaint.  *See* Fed. R. Civ. P. 10(a).

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **June 14, 2024,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **June 14, 2024,** in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is **granted** because Plaintiff's jail account statement shows that he has insufficient funds to pay an initial partial filing fee. Notwithstanding this grant of leave, Plaintiff is required to pay the full amount of the filing fee and is hereby assessed $350.00. Plaintiff is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of Plaintiff shall forward payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C. § 1915(b)(2). The Clerk is to transmit a copy of this order to the finance office at the institution where Plaintiff is currently confined and to the Court's finance office.

**IT IS SO ORDERED**.

**Dated May 14, 2024, in Kansas City, Kansas.**

         **S/   John W. Lungstrum**
         **JOHN W. LUNGSTRUM**
         **UNITED STATES DISTRICT JUDGE**