## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**DAVID C. LETTIERI,**

                              **Plaintiff,**

                    v.                                       **CASE NO. 24-3064-JWL**

**HOSTESS BRANDS LLC,**

                              **Defendant.**

## MEMORANDUM AND ORDER

This matter is a civil action filed by a prisoner proceeding in forma pauperis.  The Court conducted an initial review of the case and directed Plaintiff to show cause why his Complaint should not be dismissed for failure to state a claim upon which relief may be granted. (Memorandum and Order to Show Cause, Doc. 3) ("MOSC").  Before the Court are Plaintiff's responses to the MOSC (Docs. 5, 7) and Amended Complaint (Doc. 4).  The screening standards for complaints filed in forma pauperis are explained in the MOSC.  (Doc. 3, at 2-3.)

**I. Complaint**

In the Complaint (Doc. 1), Plaintiff brought claims based on the labeling of one of Defendant's products.  He described the basis of his claim as follows: "Enriched food ingredients don't have the grams or percentage."  (Doc. 1, at 4.)  He alleged that he suffered unspecified injuries from an "improper health diet."  *Id.*  Plaintiff listed what could be a series of statutes: "New York State Agrtm 215-a[,] Title 7 U.S.C.S. 3407-3417[,] violation of Title 21343(D), Title 21 B43(Q)(E), Duty Care, New York State Business Law 350, New York State Business Law 344."  *Id.*

## II. MOSC

The MOSC found that the Complaint was subject to dismissal for failure to state a claim upon which relief could be granted.  The Complaint failed to include "a short and plain statement of the claim showing that [he or she] is entitled to relief" as required by Fed. R. Civ. P. 8(a)(2) and failed to adequately explain "what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

## III.  Amended Complaint

In response to the MOSC, Plaintiff filed an Amended Complaint ("AC") (Doc. 4).[1]  The AC does a better job of explaining the factual basis of Plaintiff's claims.  Plaintiff clarifies that the Hostess product he is complaining about is the Cloverhill Bearclaw Danish Dutch Apple (the "Product").  He lists the following complaints about the label:  no daily value for total sugars; total fat is listed as 16g and saturated fat as 8g, but the other 8g of fat is not identified; 35g of carbohydrates is not identified; no daily value for the protein; no information about grams or percentage of niacin; no information about grams or percentage of riboflavin; no information about grams or percentage of folic acid; lists natural and artificial flavors as ingredients without further explanation; and no information about grams or percentage of vitamin A.  (Doc. 4, at 3.)

Based on these complaints, Plaintiff includes eight (8) counts: 1) Violation of New York General Business Law § 349(a); 2) Violation of New York General Business Law § 350; 3) Violation of New York Agriculture and Market § 215-A; Standards for Enriched Foods; 4) Breach of Contract; 5) Breach of Duty of Care; 6) Violation of 21 U.S.C. § 343(A); False or misleading

---

[1]  Plaintiff filed his AC using the form for 42 U.S.C. § 1983 actions.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  Plaintiff has made no allegation that the defendant was acting under color of state law or that his constitutional rights have been violated.  It appears he mistakenly used the § 1983 form.

label; 7) Violation of 21 U.S.C. § 343(a)(E); Nutrition Information; and 8) Violation of 7 U.S.C. §§ 3401-3417.  Plaintiff seeks damages of $50,000 for each count and injunctive relief "to put the nutrition facts on package."

## IV. Discussion

While the AC is an improvement on the Complaint, it is also subject to dismissal for failure to state a claim upon which relief can be granted.

The crux of Plaintiff's claim is that the nutritional label on the Product does not contain some information he believes should be there.  Plaintiff does not allege that the label is otherwise misleading or makes unsubstantiated claims, such as that the product is "healthy" or "all natural." Rather, the AC asserts that some information that Plaintiff would like to see is missing.

However, Plaintiff points to no authority *requiring* that this additional nutritional information be included on the label, and the Court has found none.

The nutritional labeling of food is governed primarily by federal law and regulations.  21 C.F.R. § 101.9, titled "Nutrition labeling of food," describes what must be included on food labels. More than that, the regulation *prohibits* the inclusion of nutritional information beyond what is specifically authorized.  ("No nutrients or food components other than those listed in this paragraph as either mandatory or voluntary may be included within the nutrition label."  21 C.F.R. § 101.9(c).)

Plaintiff complains that the Product's label has no recommended daily value for total sugars; total fat is listed as 16g and saturated fat as 8g, but the other 8g of fat is not identified; 35g of carbohydrates is not identified; no recommended daily value for protein; no information about grams or percentage of niacin; no information about grams or percentage of riboflavin; no information about grams or percentage of folic acid; lists natural and artificial flavors as

3

ingredients without further explanation; and no information about grams or percentage of vitamin A. Under 21 C.F.R. § 101.9, none of this information is required or permitted. For example, 21 C.F.R. § 101.9(c)(2) requires nutritional labels to include the amount of total fat, saturated fat, and trans fat. Labels may, but are not required to, include the amount of polyunsaturated fat and monounsaturated fat. Therefore, by failing to identify that 8g of the total fat in the Product is polyunsaturated, monounsaturated, or some other type of fat, it appears Defendant was merely complying with the law. Plaintiff makes no credible allegation otherwise.

Each of Plaintiff's counts fail to state a claim. Plaintiff's first count claims that Defendant violated New York General Business Law § 349(a). Section 349(a) "prohibits '[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service[.]'" *Bates v. Abbott Lab'ys*, No. 123CV387FJSCFH, 2024 WL 1345342, at *6 (N.D.N.Y. Mar. 29, 2024) (quoting N.Y. Gen. Bus. L. § 349(a)). "[A] 'deceptive act or practice'" is "a representation or omission 'likely to mislead a reasonable consumer acting reasonably under the circumstances.'" *Id.* (quoting *Gaidon v. Guardian Life Ins. Co. of Am.*, 94 N.Y.2d 330, 344, 704 N.Y.S.2d 177, 725 N.E.2d 598 (1999)).

Plaintiff asserts that he "has the right to know all facts of the nutrients being used in a product" being sold to him. Not having the information is "deceptive and can hurt [his] health by not having a proper diet." (Doc. 4, at 4.) Plaintiff does not show that he in fact has that right or that the defendant engaged in a deceptive or misleading practice when it simply complied with federal law. Count I is subject to dismissal for failure to state a claim.

The same is true for the remainder of Plaintiff's counts. New York General Business Law § 350 prohibits false advertising. Plaintiff argues that "the labeling of the package is misleading and gives off false advertising from not being properly informed of the vitamins, minerals, and

nutrients."  (Doc. 4, at 9.)  "[C]ourts have noted that the standards under both [section 349 and 350] are substantively identical." *Gristede's Foods, Inc. v. Unkechauge Nation*, 532 F. Supp. 2d 439, 451 (E.D.N.Y. 2007) (citation omitted).  Because Plaintiff fails to state a claim for violation of § 349 as explained above, he also fails to state a claim for violation of § 350.

New York Agriculture and Markets Law § 215-A merely authorizes the state commissioner of agriculture to establish standards of enrichment for enriched foods.  As for breach of contract and breach of duty of care, Plaintiff argues the breach was Defendant's alleged failure to obey "the law", but he has shown no violation of the law.  21 U.S.C. § 343(a) provides that a food shall be deemed misbranded if its labeling or advertising is false or misleading, and 21 U.S.C. § 343-1(a) provides that states cannot establish food labeling requirements that are not identical to the federal requirements.  7 U.S.C. §§ 3401-3417 "authorize and enable the creation of an orderly procedure . . . for the development and initiation of an effective and continuous coordinated program of research and nutrition education, designed to improve and enhance the quality . . . of American wheat, processed wheat, and wheat end products to ensure an adequate diet for the people of the United States."  7 U.S.C. § 3401(d).  None of these statutes provides Plaintiff with an actionable claim.

## V.  Conclusion

Section 1915(e)(2) requires the Court to "dismiss the case at any time if the court determines that the action ... is frivolous or malicious [or] fails to state a claim on which relief may be granted." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (quoting 28 U.S.C. § 1915(e)(2)).  "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).  The Court finds that dismissal of the AC is appropriate.

5

**IT IS THEREFORE ORDERED** that Plaintiff's Amended Complaint is **dismissed** for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED**.

**Dated August 2, 2024, in Kansas City, Kansas.**

<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**