**FILED**
**U.S. District Court**
**District of Kansas**
04/07/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

DAVID C. LETTIERI,

     **Plaintiff,**

     v.                            **CASE NO.  24-3064-JWL**

HOSTESS BRANDS LLC,

     **Defendant.**

**MEMORANDUM AND ORDER**

Plaintiff brought this pro se civil action.  The Court granted Plaintiff leave to proceed in forma pauperis.  On August 2, 2024, the Court entered a Memorandum and Order (Doc. 8) dismissing this case for failure to state a claim.  Plaintiff appealed, and the Tenth Circuit affirmed the decision of this Court on May 15, 2025 (Doc. 20).

This matter is before the Court on Plaintiff's Motion to Reopen (Doc. 21) filed on April 6, 2026.  Because Plaintiff's motion was not filed within 28 days after the entry of the judgment, the Court will treat it as a motion under Rule 60(b).  *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); *see also Weitz v. Lovelace Health System Inc.,* 214 F.3d 1175, 1178 (10th Cir. 2000).

Rule 60(b) provides in relevant part that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied,

1

released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion provides extraordinary relief which "may only be granted in exceptional circumstances." *Amoco Oil Co. v. United States Environmental Protection Agency,* 231 F.3d 694, 697 (10th Cir. 2000). The decision to grant such relief "is extraordinary and may only be granted in exceptional circumstances." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir. 2000) (quotation marks omitted).

Plaintiff states that he bases his motion on "error in law." (Doc. 21, at 2.) He seems to argue that New York state law should have applied to his action. However, the Court considered and rejected Plaintiff's state law claims. (*See* Doc. 8, at 4-5.) Revisiting issues already addressed "is not the purpose of a motion to reconsider," and "advanc[ing] new arguments or supporting facts which were otherwise available for presentation when the original . . . motion was briefed" is likewise inappropriate. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

Plaintiff has not shown that relief under Rule 60(b) is warranted. Plaintiff has failed to provide any justification for reopening this case more than a year and a half years after it was dismissed. Plaintiff's motion to reopen is denied.

**IT IS THEREFORE ORDERED** that the Clerk is directed to reopen this case for purposes of entering this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reopen (Doc. 21) is **denied.**

**IT IS FURTHER ORDERED** that the Clerk is directed to close this case.

**IT IS SO ORDERED**.

**Dated April 7, 2026, in Kansas City, Kansas.**

<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**